# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | |
|---|---|
| KIMBERLEE MISHLER, )<br>    Plaintiff, )<br>         )<br> v.          )<br>         )<br>TRILOGY HEALTH SERVICES, LLC, )<br>d/b/a THE MAPLES AT WATERFORD )<br>CROSSING,        )<br>    Defendant. )| Case No. 3:14-CV-1424-JEM |

## OPINION AND ORDER

This matter is before the Court on a Verified Motion for Sanctions for Plaintiff's Discovery Violations Pursuant to Rule 37 [DE 20], filed by Defendant on March 27, 2015, and a Joint Motion to Continue Discovery Deadline [DE 21], filed by the parties on April 24, 2015. Plaintiff filed a response to the Motion for Sanctions on April 28, 2015, and on the same day Defendant filed a reply.

Defendant requests that Plaintiff be sanctioned for failure to timely provide initial disclosures to Defendant and for false statements made about that failure. Plaintiff argues that the initial disclosures were timely prepared, that they were provided to Defendant as soon as Plaintiff was made aware that they had not been received, that no false statements were made, and that sanctions are unwarranted.

A federal court has the inherent authority "'to fashion an appropriate sanction for conduct which abuses the judicial process,' including the 'particularly severe sanction' of dismissal." *Abner v. Kendall v. Scott Mem'l Hosp.*, 634 F.3d 962, 964 (7th Cir. 2011) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991)). Federal Rule of Civil Procedure 37(c)(1) provides:

> If a party fails to provide information or identify a witness as required
> by Rule 26(a) or (e), the party is not allowed to use that information

> or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
> (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
> (B) may inform the jury of the party's failure; and
> (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

Fed. R. Civ. P. 37(c)(1). The additional sanctions described in Rule 37(b)(2)(A)(i)-(vi) include:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party.

Fed. R. Civ. P. 37(b)(2)(A)(i)-(vi). Furthermore, "[i]nstead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

Defendant states that it did not receive Plaintiff's initial disclosures before the December 19, 2014, deadline, although Plaintiff maintains that they were sent on time. On February 6, 2015, Defendant informed Plaintiff that it had not received the initial disclosures. After a series of emails clarifying what information was being sought, Plaintiff mailed initial disclosures three days later, on February 9, 2015. Defendant did not file a motion to compel, and does not argue that counsel for Defendant informed Plaintiff that it did not receive the initial disclosures until February.

2

Defendant argues that Plaintiff did not prepare the initial disclosures until February, 2015, and was untruthful in statements suggesting otherwise. As evidence for this assertion, Defendant points out that the certificate of service refers to responses to interrogatories, not to initial disclosures. Defendant requested that Plaintiff send the metadata for the electronic document containing the initial disclosures, and states that the metadata indicates that the document was not created until February 9, 2015. Defendant argues that Plaintiff should be sanctioned for being less than truthful about when the initial disclosures were created, and that the appropriate sanction is a prohibition from introducing any of the information from the initial disclosures into evidence.

Plaintiff asserts that the initial disclosures were sent before the December 19, 2014, deadline, and did not realize Defendant had not received them until February 6, 2015, when Plaintiff was contacted by Defendant. Plaintiff explains that some of the information responsive to the initial disclosures could not be scanned so was not available in an electronic file, and that counsel for Plaintiff photocopied the information and mailed it to Defendant as soon as he was aware it had not been received.

No motion to compel has been filed in this case. Even if Plaintiff did not attempt to provide the initial disclosures prior to the December deadline, counsel for Plaintiff provided them within days of being informed that Defendant had not received them and about six weeks after the initial deadline, making the error essentially harmless. There is no indication that Plaintiff refused to provide the information, so the sanction of being prohibited from using any of the related evidence at any stage of the case is inappropriately harsh. Likewise, since Defendant received the missing information soon after requesting it and without the need for intervention from the Court, an award of attorney's fees is not appropriate at this time.

There is indication, both in this Motion and in other information on the docket, that the parties in this case are having difficulties cooperating in the discovery process. The instant Motion contains reference to counsel for Plaintiff's late responses to other requests, and the Court notes that Plaintiff's response to the instant Motion, due April 13, 2015, *see* N.D. Ind. L.R. 7-1(d); Fed. R. Civ. P. 6(a), (d), was not filed with the Court until April 28, 2015. Although the sanctions requested by Defendant are not appropriate at this time, counsel for Plaintiff is reminded of the need to comply with the applicable Federal and Local Rules and the deadlines set therein and by the Court. Future failure to abide by the rules or participate in discovery will be met with increased scrutiny.

The parties also request an extension of the discovery deadline to allow time to complete additional discovery in this case. That request is granted.

For the foregoing reasons, the Court hereby **DENIES** the Verified Motion for Sanctions for Plaintiff's Discovery Violations Pursuant to Rule 37 [DE 20] and **GRANTS** the Joint Motion to Continue Discovery Deadline [DE 21]. The Court **ORDERS** that the discovery deadline is hereby extended to **August 10, 2015**.

SO ORDERED this 11th day of June, 2015.

                                         s/ John E. Martin
                                        MAGISTRATE JUDGE JOHN E. MARTIN
                                        UNITED STATES DISTRICT COURT

cc:    All counsel of record